WILLIAM LIVINGSTON *v.* SAMUEL HARRISON and another.

Proof of tender before suit brought is insufficient, unless shown to have been made at the time the debt became payable; or if afterwards, that the tender included interest to the day of tender.

A plea of tender must be accompanied by payment into court of the amount tendered.

Denial and tender are inconsistent defences, which cannot be pleaded to the same cause of action. The plea of tender admits the indebtedness, and the plaintiff is entitled to the amount tendered.

ACTION in the Marine Court, commenced June 30th, 1853. The plaintiff claimed that the defendants owed him $125, as a balance due for rent of premises, at the rate of $350 per annum. The defendants contended that the rate agreed upon was $300, and that on the first of May, 1853, they owed for one quarter, $75. It was admitted, at the trial, that this sum " was tendered before suit brought," but no money was paid into court.

The defendants had been tenants of the premises two years, with rent at the rate of $300 for the first year. For the second, there was evidence of an agreement to increase the rent to $350, but the defendants produced receipts showing that for the three first quarters, ending on the first of February, the payments had been respectively $75.

Judgment for the defendants. The plaintiff appealed.

*Francis Cahill,* for the appellant.

*George Carpenter,* for the respondents.

BY THE COURT. INGRAHAM, FIRST J.—The action was for balance of rent, and the answer was a denial, payment and tender.

The inconsistency of this defence is apparent. The defendants deny that they made the contract; aver that they paid

the plaintiff what was due upon the contract, and then allege that they offered or tendered to the plaintiff, in payment, $75. It never was allowed to a defendant to plead such defences together. The plea of tender admits the indebtedness, and the plaintiff is entitled to receive the amount tendered.

The evidence to show that the defendants were bound to pay the increased rent is positive, though the court below appears to have been governed by the receipts produced for rent at the rate of $300, as concluding the plaintiff. Upon this point it was within the province of the court to decide, and we do not interfere with such finding.

The evidence of a tender, however, is not sufficient. The admission is, that $75 was tendered before suit—at what time is not stated. The rent became due on the 1st May, 1853. From that time it bore interest. The defendants should have proven a tender, on that day, of $75, or, if afterwards, of the interest up to the time of tender with the debt. Proof of a tender before suit was not sufficient.

Even admitting that the amount tendered was sufficient, still the defendants lose the benefit of such tender on this issue, by not paying the same into court at the time of their answer. The plaintiff is entitled to that sum, and to a judgment therefor. (Greenl. Pr. 248; 2 Hill, 538.)

Ordered accordingly.